[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR RECUSAL
The respondent in this Habeas Corpus matter has moved to disqualify the Hon. Richard M. Rittenband from any further proceedings in this case on the grounds that his impartiality toward a witness might reasonably be questioned.
The petitioner in this case has alleged that his trial attorney misappropriated funds from petitioner's father's estate and thereafter deliberately rendered ineffective assistance of counsel with the intention that if the petitioner was convicted and incarcerated, he would not be in a position to obtain or claim funds from his father's estate to which he was entitled.
The respondent claims Judge Rittenband's impartiality toward said trial attorney could reasonably be questioned and, therefore, seeks his recusal.
In connection with this case Judge Rittenband issued discovery orders requiring the disclosure by trial counsel of certain records. Trial counsel did not comply with the orders, failed to respond to a subpoena and evinced little, if any, willingness to cooperate with the court or its orders. As a result of the trial attorney's lack of cooperation and also, when ultimately partial bank records which were obtained and reviewed by counsel for the petitioner, did not clarify matters, Judge Rittenband became somewhat suspicious of trial counsel's actions.
He referred the matter to the Chief State's Attorney for investigation of a "possible violation of criminal statutes." He also referred the matter to the Statewide Grievance Committee for its investigation.
Relying principally on Cameron v. Cameron, 187 Conn. 163, 170
(1982), the respondent posits that these referrals for investigation indicate that Judge Rittenband could not be impartial toward trial counsel when he testifies or at least it creates the appearance of partiality against the witness when he CT Page 3880 testifies.
The Court disagrees with this position. The Cameron case is readily distinguishable on its facts. In Cameron, the Court clearly expressed a bias against trial counsel — a far cry from the situation in this case. Judge Rittenband, in multiple instances, stated he was not prejudging trial counsel's actions. See transcript dated 12/16/95, page 39-40, 41, 42; transcript dated 1/2/96, page 55.
Judge Rittenband made no declaration that the witness was deceitful. He made no accusations and drew no conclusions of wrong doing. Questions of impropriety were raised by the petitioner. and counsel for the respondent does not claim that Judge Rittenband acted inappropriately by referring the matter for investigation. The outcome of any investigation is far from certain.
This Court cannot objectively conclude that Judge Rittenband's impartiality might reasonably be questioned under the circumstances and facts of this case.
Nor does the fact that Judge Rittenband found the witness in civil contempt for failing to comply with discovery orders lead to a conclusion of impartiality. The Court has the power to impose sanctions on attorneys, litigants and witnesses who disregard its orders. In this case the trial counsel was ordered to pay counsel fees to compensate the petitioner's attorney for reasonable attorney's fees resulting from his failure to comply with court orders. That was merely a civil sanction imposed which happens from time to time. Without more, it does not lead to a conclusion that the Court exhibited a bias against the attorney-witness.
The Motion to Recuse is denied.
Klaczak, J.